**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH KELLY DINGLER,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:19-CV-2635-B-BH** |
| | ) | |
| **ROCKWALL COUNTY SHERIFF,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge**[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** as frivolous and for failure to state a claim.

**I. BACKGROUND**

Joseph Kelly Dingler (Plaintiff), a pretrial detainee in the Rockwall County Jail, sues the Rockwall County Sheriff and potentially other sheriffs in a "Petition For A Writ of Habeas Corpus Under 28 USC § 2254 for Property Interest" on behalf of himself and other similarly-situated pretrial detainees. (*See* doc. 2.) He claims that he has been subjected to the deprivation of funds in violation of his due process rights under the Fifth Amendment to the United States Constitution because after inmates seek medical care from the Sheriff's contracted medical supplier, the Sheriff deducts money from their inmate trust accounts or imposes a negative balance that takes priority when money is later added to the account. (*See id.* at 1-2.)[2] He claims that "this is done both randomly & arbitrarily without any pre or post deprivation remedy available." (*Id.* at 2.) Plaintiff also alleges that the Sheriff's actions violate article 104.002 of the Texas Code of Criminal Procedure, which he claims provides that a county is liable for all expenses incurred in the safekeeping of prisoners confined in

---

[1]By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the county jail. (*See id.*)

Plaintiff seeks (1) an order for any money charged to his inmate trust account for medical reasons to be immediately refunded; (2) a temporary restraining order and injunction against the Rockwall County Sheriff to prevent further illegal confiscation of inmate property from their trust accounts; (3) a state-wide injunction on all county sheriffs in the state of Texas; and (4) any and all relief that this Court deems necessary. (*See id.* at 3-4.)

## II. PRELIMINARY SCREENING

At the time he filed this action, Plaintiff was a pretrial detainee in the Rockwall County Jail who was permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. SECTION 1983

Because Plaintiff alleges violation of his constitutional rights to due process by a state actor, his claims arise under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Although Plaintiff alleges a violation of his due process rights under the Fifth Amendment, it "applies only to violations of constitutional rights by the United States or a federal actor." *Hill v. Walker*, 718 F. App'x 243, 247 (5th Cir. 2018) (quoting *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)); *see also Dusenberry v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)(same). Because Plaintiff's claims are against a state actor, his claims are considered under the Fourteenth Amendment.

The due process clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. This includes both substantive and procedural protections. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *John Corp. v. City of Houston*, 214 F.3d 573, 577 (5th Cir. 2000). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty'

or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The Supreme Court has long recognized that the Due Process Clause is more than a guarantee of procedural fairness and "cover[s] a substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement them.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). "The reach of substantive due process is limited, however, and it protects against only the most serious of governmental wrongs." *Moore v. Dall. Indep. Sch. Dist.*, 557 F. Supp. 2d 755, 761 (N.D. Tex. 2008) (citation omitted).

Plaintiff also alleges that the deduction of funds from his inmate trust account violates article 104.002 of the Texas Code of Criminal Procedure. In relevant part, it currently provides:

> (a) Except as otherwise provided by this article, a county is liable for all expenses incurred in the safekeeping of prisoners confined in the county jail or kept under guard by the county. If a prisoner is transferred to a county from another county on a change of venue, for safekeeping, or for a habeas corpus hearing, the county transferring the prisoner is liable for the expenses described by this article.
>
> ***
>
> (d) A person who is or was a prisoner in a county jail and received medical, dental, or health related services from a county or a hospital district shall be required to pay a reimbursement fee for such services when they are rendered. If such prisoner is an eligible county resident as defined in Section 61.002, Health and Safety Code, the county or hospital district providing the services has a right of subrogation to the prisoner's right of recovery from any source, limited to the cost of services provided. A prisoner, unless the prisoner fully pays for the cost of services received, shall remain obligated to reimburse the county or hospital district for any medical, dental, or health services provided, and the county or hospital district may apply for reimbursement in the manner provided by Chapter 61, Health and Safety Code. A county or hospital district shall have authority to recover the amount expended in a civil action.

Tex. Code. Crim. Pro. Ann. Art. 104.002 (West 2020).

The United States Court of Appeal for the Fifth Circuit has previously considered whether charges to a state inmate's trust account for medical services violates his due process rights under the Fourteenth Amendment and article 104.002. In *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996) (per curiam), a *pro se* prisoner claiming to be indigent sued the Sheriff of Harris County, Texas, under § 1983 for violation of article 104.002 and his due process rights under the Fourteenth Amendment by debiting his inmate trust account for medical services without first conducting an indigency hearing. *Id.* at 92.[3] Harris County had a new policy of charging non-indigent inmates for medical care as authorized by article 104.002(d) of the Texas Code of Criminal Procedure. *Id.* at 92 n 1.[4] The consolidated plaintiffs contended that they were required to sign a charge document in order to receive medical services, and that the jail debited their trust accounts, which resulted in negative balances. *Id.* at 92-93. The Fifth Circuit construed the plaintiffs' arguments that the debits to their accounts amounted to a deprivation of property because they violated the jail's policy and procedures of not charging indigents for medical services, and that they were coerced into signing the charge documents, as a claim that requiring indigent plaintiffs to pay for medical services without notifying them of their right to assert indigency on the charge document deprived them of property without constitutional due process. *Id.* at 94.

---

[3]Another indigent inmate separately also sued the Sheriff under § 1983 for a $3.00 debit to his trust account for a prescription drug charge, and the Fifth Circuit consolidated the two cases on appeal. *Id.*

[4]At the time, it provided:

> A person who is or was a prisoner in a county jail and received medical, dental, or health related services shall be required to pay for such services when they are rendered. If such prisoner cannot pay for such services because of indigence, as defined in Chapter 61, Health and Safety Code, said county shall assist the prisoner in applying for reimbursement through that chapter or the hospital district of which he is a resident. A prisoner who does not meet the eligibility for assistance payments shall remain obligated to reimburse the county for any medical, dental, or health services provided and that county shall have authority to recover the amount expended in a civil action.

*Id.* at 92 n 1.

The court initially noted that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met" under *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984). *Id.* The "*Parratt/Hudson* doctrine dictates that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Id.* (quoting *Brooks v. George Cty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996)). "The burden is on the complainant to show that the state's postdeprivation remedy is not adequate." *Id.* Although it found that the Sheriff satisfied any constitutional due process standards that might be required to notify inmates of the new policy, the Fifth Circuit went on to note that because Texas provided a statutory post-deprivation remedy in article 104.002(d), "which the plaintiffs [ ] failed to show was inadequate," they did not state a constitutional claim under § 1983. *Id.* at 95-96.

District courts have subsequently cited *Myers* for the proposition that charging an inmate's account for medical service, even without notice, does not violate his procedural due process rights because Texas has a statutory post-deprivation remedy. *See Boykin v. Bridge*, No. 3:13-CV-4643-D-BH, 2014 WL 4063809, at *3 (N.D. Tex. May 27, 2014), *rec. adopted*, 2014 WL 4071224 (Aug. 18, 2014) (rejecting claim that inadequate notice before deduction from prison inmate account to pay for medical services violated due process based on the availability of a postdeprivation remedy) (citing *Meyers*); *see also Nance v. Hamilton*, No. A-09-CA-361-SS, 2009 WL 1606038, at *1 (W.D. Tex. June 8, 2009) (claim that prisoner was incorrectly charged for medical services would not result in a due process violation because he had an adequate post-deprivation remedy) (citing *Meyers*). They have also found that the practice does not violate a prisoner's substantive due process rights.

*Breakiron v. Neal*, 166 F.Supp.2d 1110, 1115 (N.D. Tex. 2001) (finding deductions of payments from prisoner's trust account for medical services did not violate his substantive due process); *see also Baughman v. Garcia*, 254 F.Supp.3d 848, 874 (S.D. Tex. 2017) (a non-indigent prisoner may be expected to pay for some or all of his medical expenses, if he has the means to do so) (citing *Myers*). Nor does charging a non-indigent prisoner for medical care violate article 104.002. *See Foshee v. Naylor*, No. 2:07-CV-0110, 2008 WL 2065887, at *1 (N.D. Tex. May 2, 2008); *Davis v. Kirk*, No. , No. H-06-2381, 2007 WL 4353798, at *10-11 (S.D. Tex. Dec. 11, 2007).

More recently, the Fifth Circuit has noted that it has "long found that Texas provides inmates challenging the appropriation of monies in their inmate trust fund account [for medical co-payment] 'with meaningful postdeprivation remedies, either through statute or through the tort of conversion.'" *Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020) (quoting *Washington v. Collier*, 747 F. App'x 221, 222 (5th Cir. 2018) (unpublished) (per curiam) (citing *Myers*)) and citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994)).

Based on *Meyers* and its progeny, Plaintiff fails to state a § 1983 claim for violation of his due process rights or article 104.002 based on the deduction of money from his inmate trust account for medical services.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[5]

---

[5]Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

**SIGNED this 19th day of January, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.