IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DINGLER, #00149118,  Petitioner, | ) ) ) |
| vs. | ) No. 3:19-CV-2635-B (BH) |
| | ) |
| ROCKWALL COUNTY SHERIFF,  Respondent. | ) ) ) Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *pro se* plaintiff's *Motion for Rule 60: Relief from a Judge or Order*, filed January 18, 2021 (doc. 15). Despite citing Rule 60 of the Federal Rules of Civil Procedure, the motion does not challenge a final judgment, but rather, a non-final non-dispositive order denying his motion to consolidate on January 14, 2021. (*See* doc. 13.) To the extent that the plaintiff seeks reconsideration of that order, based on the relevant filings and applicable law, the motion is **DENIED**.

As noted by the United States Court of Appeals for the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner civil rights case has been automatically referred for full case management.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Under this rule, "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185).  The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Here, the plaintiff's filing seeks reconsideration of a finding that the criminal actions and the a new civil rights claims against a different defendant that he sought to consolidate into this action are unrelated to his claims in this action under 42 U.S.C. §1983, and should be properly construed as new separate civil actions.  Although his filing clarifies that his proposed new civil actions also arise out of his incarceration in the Rockwall County Jail, it also makes clear that he seeks to remove four misdemeanor criminal cases into this civil rights case, and that he seeks to sue a different defendant based on different actions taken by that defendant at the jail.  Moreover, it has now been recommended that this action be dismissed as frivolous and for failure to state a claim. To the extent that he seeks reconsideration of the order denying consolidation, he has not shown sufficient reason to reverse the denial, so his motion is **DENIED**.

**SO ORDERED this 19th day of January, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE