IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH KELLY DINGLER,<br>  Plaintiff, | )<br>) |
| vs. | )  No. 3:19-CV-2635-B-BH |
| | ) |
| ROCKWALL COUNTY SHERIFF,<br>  Defendant. | )<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the *Motion for Reconsideration, DE20 Order Accepting Findings and Conclusion* (doc. 22), and the *Motion to Set Aside Judgment Based on Facts of Law* (doc. 23), both filed February 18, 2021. Based on the relevant filings and applicable law, the motions should be **DENIED**.

**I. BACKGROUND**

Joseph Kelly Dingler (Plaintiff), a pretrial detainee in the Rockwall County Jail, sued the Rockwall County Sheriff and potentially other sheriffs in a "Petition For A Writ of Habeas Corpus Under 28 USC § 2254 for Property Interest" on behalf of himself and other similarly-situated pretrial detainees. (*See* doc. 2.) He claimed that he had been subjected to the deprivation of funds in violation of his due process rights under the Fifth Amendment to the United States Constitution because after inmates seek medical care from the Sheriff's contracted medical supplier, the Sheriff deducted money from their inmate trust accounts or imposed a negative balance that took priority when money was later added to the account. (*See id.* at 1-2.)[2] He claimed that "this is done both randomly & arbitrarily without any pre or post deprivation remedy available." (*Id.* at 2.) Plaintiff

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

also alleged that the Sheriff's actions violated article 104.002 of the Texas Code of Criminal Procedure, which he claimed provides that a county is liable for all expenses incurred in the safekeeping of prisoners confined in the county jail. (*See id.*) He sought (1) an order for any money charged to his inmate trust account for medical reasons to be immediately refunded; (2) a temporary restraining order and injunction against the Rockwall County Sheriff to prevent further illegal confiscation of inmate property from their trust accounts; (3) a state-wide injunction on all county sheriffs in the state of Texas; and (4) any and all relief that this Court deemed necessary. (*See id.* at 3-4.)

On January 19, 2021, it was recommended that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim. (*See* doc. 16.) Over his objections, on February 18, 2021, the recommendation was accepted, and his complaint was dismissed. (*See* docs. 20, 21.) Later that same day, he moved for reconsideration of the order accepting the recommendation and to set aside the judgment. (*See* docs. 22, 23.)

## II.  MOTION FOR RECONSIDERATION

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger*

*Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Here, Plaintiff seeks reconsideration of the order accepting the recommendation that his case be dismissed, and he expressly seeks a change in judgment. "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010). Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because both of the plaintiffs' motions were filed within 28 days of the judgment, they are properly considered under Rule 59(e). *See McGrew v. McQueen*, 415 F. App'x 592, 594-95 (5th Cir. 2011) (liberally construing pro se motion to reopen case that had been filed within twenty-eight days of dismissal as arising under Rule 59(e)).

### III.  RULE 59(e)

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff's motion to set aside the judgment appears to complain about the liberal construction of his purported habeas case as a civil rights case under 42 U.S.C. § 1983, the denial of his request for appointed counsel, the referral of the case to a U.S. Magistrate Judge, and the required payment of a filing fee or an application to proceed *in forma pauperis*. It also recites portions of the Constitution and the Federal Rules of Civil Procedure. Finally, the motion reiterates Plaintiff's claim in his complaint that the deduction of funds from his inmate trust account for medical services by Rockwall County violates article 104.002 of the Texas Code of Criminal Procedure. Plaintiff has not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal, however. He has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.

## IV. RECOMMENDATION

Plaintiff's motions to set aside the judgment under Rule 59(e) should be **DENIED**.

**SIGNED this 29th day of March, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE